UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PATRICK LOW,<br><br>Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Defendant. | Civil Action No. 23-2521 (CKK)<br><br>**UNDER SEAL** |

### UNITED STATES' NOTICE OF INTERVENTION AND DISMISSAL

The United States of America ("United States" or "Government") respectfully submits this notice through which the United States intervenes in this False Claims Act action pursuant to 31 U.S.C. § 3730(b)(4)(A) and dismisses this suit pursuant to 31 U.S.C. § 3730(c)(2)(A) with prejudice as to the Relator and without prejudice as the United States. A proposed order is enclosed herewith.

In so doing, the United States requests that the seal be lifted over Relator's Complaint, this Notice, and all proceedings on a going forward basis. The United States respectfully requests that all other papers on file in this action remain under seal because in discussing the content and extent of the United States' investigation, such papers are provided by law to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended.

### BACKGROUND

Relator, acting *pro se*, filed a Complaint against the Defendant President and Fellows of Harvard College on behalf of the United States pursuant to the *qui tam* provisions of the False



Claims Act. ECF No. 1. Relator alleges that the Defendant submitted a grant application to the Department of Education that "included content that discriminated on the basis of race and/or skin color in violation of Title VI of the Civil Rights Act of 1964." Compl. ¶ 2. In particular, Relator alleges that the grant application used the terms and concepts "White privilege," "White supremacy," "systemic racism," "institutional racism," "unconscious bias," and/or reducing colorblind racial ideology.[1] *Id*. ¶ 15. Relator then alleges that the "[t]he terms and/or concepts" in the grant application "discriminated on the basis of race and/or skin color in violation of Title VI of the Civil Rights Act of 1964." *Id*. ¶ 16. Harvard's grant application also contains "assurances of compliance with Title VI" and other nondiscrimination statutes. *Id*. ¶ 18. Relator contends this certification of compliance was false and thereby violated the FCA. *Id*. ¶ 21.

## ARGUMENT

The False Claims Act is the Government's primary tool for recovering money lost from the United States Treasury due to fraud. *See generally* 31 U.S.C § 3729. Its *qui tam* provisions permit a private person, "a relator," to file an action on behalf of the United States to recover the United States' damages in exchange for a payment of up to 30% of any eventual recovery. *See* 31 U.S.C. § 3730(b)-(d). The United States may elect to intervene in the action and assume primary responsibility for the litigation, or it may decline to intervene, which allows the relator to pursue the action on the United States' behalf. *See* 31 U.S.C. §§ 3730(b)(2), (c). The United States also retains the authority to dismiss an action when dismissal is in the interests of the United States. *See* 31 U.S.C. § 3730(c)(2)(A) ("The Government may dismiss the action notwithstanding the

---

[1] The grant application indicates that a grant was sought to develop and pilot test different modes of delivering a training program to prepare educators to implement the Identity Project, which is ethnic-racial identity high school curriculum intended to improve students' academic outcomes, reduce students' mental health problems, and ultimately reverse ethnic-racial academic achievement inequalities by supporting students' ethnic-racial identity.

objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion.").

In *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419, 429 (2023), the Supreme Court clarified the standards and procedures applicable to dismissals under Section 3730(c)(2)(A). Relevant here, once the Government has intervened, the standard found in Federal Rule of Civil Procedure 41(a) governs. *Id*. at 435. As the Supreme Court noted:

> Under that Rule, the standard varies with the case's procedural posture. If the defendant has not yet served an answer or summary-judgment motion, the plaintiff need only file a notice of dismissal. But once that threshold has been crossed—as in this case—dismissal requires a "court order, on terms that the court considers proper."

*Id*. (quoting Fed. R. Civ. P. 41(a)(2)). Here, no answer or summary judgment motion has been filed, and thus, the United States may dismiss this case by filing a notice of dismissal. *See id*.

While the Court in Polansky left for another day deciding the purpose of a Section 3730(c)(2)(A) hearing when the Government notices a dismissal before an answer or summary judgment motion has been filed, the Court suggested that the purpose is quite narrow. As the Third Circuit in *Polansky* described, the purpose of a pre-answer Section 3730(c)(2)(A) hearing is merely to ensure that "the relator's rights to due process or equal protection" have been protected. *Id*. at 436 (citing *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 17 F.4th 376, 390, n.16 (3d Cir. 2021)). In all events, even after a defendant has joined the issue, "in most [False Claims Act] cases" the Rule 41 "standards will be readily satisfied." *Polansky*, 599 U.S. at 435-36. Indeed, in *Polansky*, the Court held it "is not a close call" when the Government exercises its dismissal authority under Section 3730(c)(2)(A) based on an assessment of the costs of litigating the suit weighed against the merits of the presented claims. *Id*. at 438 ("Absent some

extraordinary circumstance, that sort of showing is all that is needed for the Government to prevail on a (2)(A) motion to dismiss.").

Here, the United States has conducted that very analysis. The United States believes that Relator's claims have a dim prospect of success. For example, Relator is proceeding *pro se*, yet False Claims Act relators cannot proceed without counsel. *See Jones v. Jindal*, 409 Fed. App'x. 356 (D.C. Cir. 2011) (per curium) ("a pro se plaintiff may not file a qui tam action pursuant to the False Claims Act"); *see also Maloy v. IRS*, Civ. A. No. 22 3358 (ABJ), 2022 WL 17735722, at *1 (D.D.C. Dec. 13, 2022) (collecting cases).

In addition, Relator's allegations fail to demonstrate materiality or identify a knowing false statement. Harvard appears to have disclosed the material facts to the Department at the time it applied for the grant, and the Department awarded the grant with full knowledge of the terms and concepts to be used by Harvard in relation to the training program it was intending to develop using the grant award. Therefore, Harvard's certification of compliance with Title VI would not be "false" as a result.

While Relator's claims have little chance of success on the merits, litigating this case, even as a third-party in a declined posture, may likely impose significant costs on the Government. For example, litigating this suit would necessarily entail significant discovery of the Department of Education as its decisionmaking, and the impact of any alleged falsities on it, may likely be a central point of dispute. *See, e.g., Universal Health Servs., Inc. v. United States*, 579 U.S. 176, 195 (2016) (evidence of materiality turns largely on Government conduct and beliefs). In short, the Government believes that the potentially significant costs of litigating this case outweigh the chances that Relator may succeed on the presented claims. Accordingly, it notices the dismissal of this case now at the threshold.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Relator be afforded an opportunity for a hearing if Relator so requests and that this action then be dismissed.

Dated: January 18, 2024
      Washington, DC

Respectfully submitted,

MATTHEW M. GRAVES, D.C. Bar #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:       */s/ Sean Tepe*
SEAN M. TEPE, D.C. Bar #1001323
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2533

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of January, 2024, I caused a true and correct copy of the Notice of Intervention and Dismissal to be served on pro se Relator by electronic mail (low@cua.edu). Pursuant to 31 U.S.C. § 3729, *et seq.*, defendant has not been served with copies of the foregoing Notice.

                                                */s/ Sean Tepe*
                                                SEAN M. TEPE
                                                Assistant United States Attorney