UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PATRICK LOW,<br><br>*Plaintiff*,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>*Defendant*. | Civil Action No. 23-2521 (LLA) |

**MEMORANDUM OPINION AND ORDER**

Relator Patrick Low brought this *qui tam* action against Defendant Harvard College. ECF No. 1. The United States moved to intervene and dismiss pursuant to 31 U.S.C. § 3730(c)(2)(A). ECF No. 3. Mr. Low requested a hearing. ECF No. 4; *see* 31 U.S.C. § 3730(c)(2)(A). After considering the parties' filings and hearing oral argument, the court dismisses this case with prejudice as to Mr. Low and without prejudice as to the United States.

**I.   Background**

"The False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, imposes civil liability on any person who presents false or fraudulent claims for payment to the Federal Government." *United States ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023). "To strengthen enforcement . . . the [FCA] also authorizes private persons to bring civil *qui tam* lawsuits in the name of the United States." *United States v. Novo A/S*, 5 F.4th 47, 50 (D.C. Cir. 2021). Plaintiffs who do so are referred to as "relators." *Id.* Once the relator files his complaint, "[t]he Government then has 60 days (often extended for 'good cause') to decide whether to 'intervene and proceed with the action.'" *Polansky*, 599 U.S. at 425 (quoting 31 U.S.C. §§ 3730(b)(2)-(3)). If the

government intervenes, the action "shall be conducted by the Government."  31 U.S.C. § 3730(b)(4)(A).  In other words: "the relator loses control."  *Polansky*, 599 U.S. at 425.  Once the government intervenes, it has the right to "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion."  31 U.S.C. § 3730(c)(2)(A).

Mr. Low, an attorney proceeding pro se, filed this FCA suit on behalf of the United States on August 29, 2023.  ECF No. 1.  He argues that Harvard College defrauded the United States by "ma[king] false statements and false claims regarding its compliance with Title VI . . . to obtain federal funds from" the Department of Education.  *Id.* ¶ 3.  On January 18, 2024, the United States intervened and moved to dismiss the case under Section 3730(c)(2)(A).  ECF No. 3.  Mr. Low moved for a hearing on March 22, 2024.  ECF No. 4.  An attorney for Mr. Low entered an appearance on May 17, 2024.  ECF No. 7.  The court held a hearing on the United States' motion to intervene and dismiss on June 20, 2024.  Both parties thereafter submitted notices of supplemental authority.  ECF Nos. 9, 10, 12.

## II.   Discussion

As the Supreme Court recently explained in *Polansky*, "[a] district court should assess a [Section 3730(c)](2)(A) motion to dismiss using Rule 41's standards."  599 U.S. at 435; *see* Fed. R. Civ. P. 41(a) (providing that a plaintiff may voluntarily dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment").  Thus, when the United States seeks dismissal before an answer is filed, "Rule 41 entitles the movant to a dismissal; the district court has no adjudicatory role."  *Polansky*, 599 U.S. at 436 n.4.  That is the case here: the United States seeks dismissal before any answer

has been filed, so Rule 41(a) entitles the government to dismissal notwithstanding Mr. Low's objections.  *See id.*

But Mr. Low is still entitled to "an opportunity for a hearing on the motion."  31 U.S.C. § 3730(c)(2)(A).  The *Polansky* court suggested that the purpose of such a hearing might be to "inquire into allegations that a dismissal 'violate[s] the relator's rights to due process or equal protection.'"  599 U.S. at 436 n.4 (alteration in original).  The court held a hearing for this purpose on June 20, 2024.

Mr. Low's central argument, both in his filings and at the hearing, is that the United States may not dismiss the case (or, may not dismiss the case with prejudice to the relator) because it has not "diligently" investigated his claim.  *See* ECF No. 8 at 1-2.  He points to 31 U.S.C. § 3730(a), which provides that "[t]he Attorney General diligently shall investigate" violations of the FCA.  Even before *Polansky*, a federal appellate court held that Section 3730(c)(2)(A) does not require the court to assess the government's "diligence" before dismissing a *qui tam* suit.  *See Borzilleri v. Bayer Healthcare Pharms., Inc.*, 24 F.4th 32, 43-44 (1st Cir. 2022).  That ruling makes even more sense after *Polansky*, as a freewheeling inquiry into the government's "diligence" would violate the Supreme Court's directive that the district court has "no adjudicatory role" in a case like this one.  *See* 599 U.S. at 436 n.4.

At the hearing, Mr. Low attempted to recast his diligence argument as a due process claim, arguing that he "didn't get the process that was due" because "the government did not do a diligent investigation."  As support, Mr. Low cited a number of cases for the proposition that due process protects statutorily created rights.  *See* ECF No. 10-1 at 1.  But Mr. Low has no statutory right to a diligent investigation at this early, pre-answer stage.  *See Borzilleri*, 24 F.4th at 43-44; *United States ex rel. Gaines v. Smart Holding Corp.*, No. 3:22-CV-2960, 2024 WL 2019135 (S.D.

3

Ill. May 6, 2024) (dismissing *qui tam* action without assessing diligence); *United States ex rel. Sargent v. McDonough*, No. 23-CV-328, 2024 WL 809902 (D. Me. Feb. 26, 2024) (same).

As the Supreme Court explained in *Polansky*, motions to dismiss pursuant to Section 3730(c)(2)(A) "will satisfy Rule 41 in all but the most exceptional cases." 599 U.S. at 437. Such exceptional cases are few and far between. Courts have suggested that "exceptional cases" are limited, for example, to fraud on the court or to a decision to seek dismissal on the basis of the relator's race, religion, or other protected characteristic. *See United States ex rel. CIMZNHCA, LLC v. UCB, Inc.*, 970 F.3d 835, 852 (7th Cir. 2020); *Borzilleri*, 24 F.4th at 42-43. The court finds that there are no such exceptional circumstances here.[1]

### III. Conclusion

For the foregoing reasons, the court dismisses the case with prejudice as to Mr. Low and without prejudice as to the United States. The Clerk of Court is directed to terminate the case.

**SO ORDERED**.

/s/ Loren L. AliKhan
LOREN L. ALIKHAN
United States District Judge

Date: July 3, 2024

---

[1] In his notices of supplemental authority, ECF Nos. 10-11, Mr. Low asks the court to sanction the United States because the government included "seventeen lines of new argument" in its own notice of supplemental authority. ECF No. 10 at 1. According to Mr. Low, this contradicts the court's order stating that notices of supplemental authority should not include new arguments. *See id.* Because the court does not reach the arguments made by the government in its notice of supplemental authority, Mr. Low's request for sanctions, ECF No. 11, is denied as moot.