UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. PATRICK LOW,<br><br>       Plaintiff,<br><br>       v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE,<br><br>       Defendant. | Civil Action No. 23-2521 (LLA) |

**UNITED STATES' MOTION FOR RELIEF FROM ORDER DISMISSING CASE**

Pursuant to Federal Rule of Civil Procedure ("Rule") 60(b)(6), the United States of America ("United States" or "Government") respectfully moves for relief from the Court's July 3, 2025, Memorandum Opinion and Order (ECF No. 13) dismissing this case. Specifically, the United States requests that the Court's dismissal order be amended to reflect that dismissal is without prejudice as to Relator and with leave to amend. The United States conferred with Relator's counsel prior to filing this Motion and was informed by counsel that Relator is amenable to amending the order to a dismissal without prejudice and right to file an amended complaint. A proposed order is enclosed herewith.

## BACKGROUND

Relator Patrick Low, proceeding pro se, filed a Complaint against Defendant President and Fellows of Harvard College on behalf of the United States pursuant to the qui tam provisions of the False Claims Act. Compl. (ECF No. 1). Relator alleged that Defendant violated the False Claims Act by submitting a grant application to the Department of Education that "included content

that discriminated on the basis of race and/or skin color in violation of Title VI of the Civil Rights Act of 1964." *Id.* ¶ 2.

On January 18, 2024, the United States intervened and moved to dismiss the case under 31 U.S.C. § 3730(c)(2)(A), explaining that Relator's claims appeared to have little chance of success given his pro se status and allegations that fail to demonstrate materiality or identify a knowing false statement. In addition, the United States cited the potential burden that litigation would place on the Government. Notice (ECF No. 3). Relator moved for a hearing, and an attorney for Relator entered an appearance. The Court held a hearing on the United States' motion to dismiss on June 20, 2024. Thereafter, the Court dismissed the case with prejudice as to Relator and without prejudice as to the United States. Mem. Op. & Order (ECF No. 13).

Relator noticed his appeal of the Court's decision. He filed his opening brief in the appeal on March 7, 2025. The United States filed a motion on May 5, 2025, seeking to remand the case back to the district court for further proceedings, including potentially seeking relief from the order dismissing the case under Rule 60. Mot., *United States ex rel. Low v. President & Fellows of Harvard College*, No. 24-7116 (D.C. Cir. May 5, 2025). The appellate court granted the motion to remand on July 30, 2025, and issued the mandate on September 8, 2025. Consistent with these filings, the United States now moves for relief from the order dismissing this case.

Defendant did not enter an appearance either during the proceedings before this Court or the D.C. Circuit.

**ARGUMENT**

The False Claims Act is the Government's primary tool for recovering money lost from the United States Treasury due to fraud. *See* 31 U.S.C § 3729. Its qui tam provisions permit a private person, "a relator," to file an action on behalf of the United States to recover the United States'

2

damages in exchange for a percentage of any eventual recovery.  *See* 31 U.S.C. § 3730(b)–(d).  The United States may elect to intervene in the action and assume primary responsibility for the litigation, or it may decline to intervene, which allows the relator to pursue the action on the United States' behalf.  *See* 31 U.S.C. §§ 3730(b)(2), (c).  The United States also retains the broad discretionary authority to dismiss a False Claims Act action when dismissal is in the interests of the United States.  *See* 31 U.S.C. § 3730(c)(2)(A).

The district court did not err in dismissing this case upon the Government's notice of intervention and dismissal.  This Court correctly applied *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419, 429 (2023), in which the Supreme Court clarified the standards and procedures applicable to dismissals under section 3730(c)(2)(A).  When the United States intervenes and seeks dismissal before an answer is filed, the standard found in Rule 41(a) governs and "the district court has no adjudicatory role." *Polansky*, 599 U.S. at 435, 436 n.4.  That was the case here, and Rule 41(a) entitled the Government to dismissal notwithstanding Relator's objections.

That said, the Government has reconsidered the scope of its use of its discretionary section 3730(c)(2)(A) dismissal authority in this case and now moves for relief from the final order dismissing this case.  Specifically, the United States respectfully requests that the dismissal order be amended to reflect that the dismissal of this action be without prejudice to Relator and with leave to amend.  *See United States ex rel. Conteh v. IKON Off. Sols., Inc.*, 27 F. Supp. 3d 80, 90 (D.D.C. 2014) (granting relator leave to amend his complaint).

Relief from a prior judgment is available under Rule 60(b).  Rule 60(b) empowers the Court to grant relief from a final judgment, order, or proceeding, including a voluntary dismissal under Rule 41(a).  *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 307 (2025); *see also Randall*

*v. Merrill Lynch*, 820 F.2d 1317, 1322 (D.C. Cir. 1987) ("We hold that Rule 60(b)(6) can be used to vacate voluntary dismissals resulting in final judgments[.]"). Relief may be granted for any of five specified reasons or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Here, the Government seeks relief under subsection (b)(6) of the rule, which is sometimes referred to as the "catchall" provision. The relief available under the catchall provision is distinct; it does not overlap with the relief available under any of the other subsections. No limitations period applies to motions under the catchall provision. They must only be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

The Supreme Court recently affirmed that "only 'extraordinary circumstances' can justify relief under the Rule 60(b)(6) catchall [provision]." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1617 (2025). Rule 60(b) creates an exception to the finality of judgments and "attempts to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice should be done." *Waetzig*, 604 U.S. at 309 (citation modified). As such, a "very strict interpretation of Rule 60(b) is essential" lest the exception swallow the rule. *BLOM Bank SAL*, 145 S. Ct. at 1620 (citation modified). But even under a strict interpretation, some circumstances merit relief. Those may include a change in the controlling law. *See Kemp v. United States*, 596 U.S. 528, 540 (2022) (Sotomayor, J., concurring) (extraordinary circumstances include a change in controlling law; collecting cases); *but see Buck v. Davis*, 580 U.S. 100, 138 (2017) (Thomas, J., dissenting) ("A change in law alone is not enough.").

Similarly, here, there was a change in Presidential Administrations and Executive Branch policy. On January 20, 2025, the President signed an Executive Order "Ending Radical And Wasteful Government DEI Programs And Preferencing," repudiating prior Government policies that "forced illegal and immoral discrimination programs, going by the name 'diversity, equity,

4

and inclusion' (DEI), into virtually all aspects of the Federal Government." Exec. Order 14,151, § 1. Further, because of Relator's then pending appeal, this change occurred prior to this litigation coming to end. Under the circumstances of this case, the requested relief does not undermine the finality principles underlying a strict interpretation of Rule 60(b).

Due to this material change in the Executive Branch's policy and interpretation of the law during the pendency of litigation, the United States now moves for limited relief from the final order dismissing this case. In sum, the circumstances are sufficiently "extraordinary" to justify the requested relief, and the relief requested is sufficiently limited in scope to preserve the "proper balance" intended by Rule 60(b).

The new order dismissing this case will not prejudice any party. Relator will have an opportunity to file a new complaint if he so chooses, the United States will then have an opportunity to assess a new complaint pursuant to 31 U.S.C. § 3730(b)(4), and Defendant will have no less ability to respond to a new complaint should Relator file one. Accordingly, the proposed order directs Relator to file any amended complaint under seal, after which the United States will make an election decision with respect to the amended complaint. *Id*. § 3730(b).

Lastly, the Government has sought this relief as soon as it was feasible and within a reasonable time, having filed the instant motion within three months of the D.C. Circuit's mandate (inclusive of a 43-day lapse in appropriations).

## CONCLUSION

For the reasons given, the United States respectfully requests that the Court amend the order dismissing this case (ECF No. 13) to reflect that the dismissal of this action is without prejudice to Relator and with leave to amend.

Dated: November 26, 2025                Respectfully submitted,

                                              JEANINE FERRIS PIRRO
                                              United States Attorney

                                              BRIAN P. HUDAK, D.C. Bar #90034769
                                              Chief, Civil Division


                                      By:      */s/ Sean M. Tepe*
                                              SEAN M. TEPE, D.C. Bar #1001323
                                              Assistant United States Attorney
                                              601 D Street, NW
                                              Washington, DC 20530
                                              (202) 252-2500 (main)

                                              *Attorneys for the United States of America*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. PATRICK LOW,<br><br>  Plaintiff,<br><br>  v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>  Defendant. | Civil Action No. 23-2521 (LLA) |

### [PROPOSED] ORDER

UPON CONSIDERATION of the United States' motion for relief from order dismissing case, and the entire record herein, it is hereby

ORDERED that the order dismissing this action without prejudice as to the United States and with prejudice as to Relator (ECF No. 13) is AMENDED to state that the dismissal as to Relator is without prejudice and with leave to amend within 60 days from this Order;

ORDERED that the amended complaint must be filed under seal consistent with 31 U.S.C. § 3730(b)(2); and

ORDERED that the United States shall inform the Court of its election decision within the time set by statute or further Court order pursuant to 31 U.S.C. § 3730(b)(3).

SO ORDERED:

_____     _____
Dated                                                                   LOREN L. ALIKHAN
                                                                                United States District Judge