**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

UNITED STATES OF AMERICA ex rel.
PATRICK LOW,

       *Plaintiff*,

      v.

PRESIDENT AND FELLOWS OF
HARVARD COLLEGE,

       *Defendant*.

Civil Action No. 23 - 2521 (LLA)

---

## <u>MEMORANDUM OPINION AND ORDER</u>

Relator Patrick Low brought this *qui tam* action against Defendant Harvard College. ECF No. 1. The United States moved to intervene and dismiss pursuant to 31 U.S.C. § 3730(c)(2)(A). ECF No. 3. In July 2024, after holding oral argument, the court dismissed this case with prejudice as to Mr. Low and without prejudice as to the United States. ECF No. 13. Pending before the court is the United States' motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(6). ECF No. 21. For the reasons explained below, the court will deny the motion.

### I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY

"The False Claims Act (FCA), 31 U.S.C. §§ 3729-3733, imposes civil liability on any person who presents false or fraudulent claims for payment to the Federal Government." *U.S. ex rel. Polansky v. Exec. Health Res., Inc.*, 599 U.S. 419, 423 (2023). "To strengthen enforcement . . . the [FCA] also authorizes private persons to bring civil *qui tam* lawsuits in the name of the United States." *United States v. Novo A/S*, 5 F.4th 47, 50 (D.C. Cir. 2021). Plaintiffs who do so are referred to as "relators." *Id.* Once the relator files his complaint, "[t]he Government

then has 60 days (often extended for 'good cause') to decide whether to 'intervene and proceed with the action.'"  *Polansky*, 599 U.S. at 425 (quoting 31 U.S.C. §§ 3730(b)(2)-(3)).  If the government intervenes, "the action shall be conducted by the Government."  31 U.S.C. § 3730(b)(4)(A).  Once the government intervenes, it has the right to "dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the Government of the filing of the motion and the court has provided the person with an opportunity for a hearing on the motion."  *Id.* § 3730(c)(2)(A).

Mr. Low filed this FCA suit on behalf of the United States in August 2023.  ECF No. 1. He alleges that Harvard College submitted a grant application to the Department of Education that "included content that discriminated on the basis of race and/or skin color in violation of Title VI of the Civil Rights Act of 1964."  *Id.* ¶ 2.  Mr. Low further alleges that Harvard defrauded the United States by "ma[king] false statements and false claims regarding its compliance with Title VI" to obtain the grant.  *Id.* ¶ 3.  In January 2024, the United States intervened and moved to dismiss the case under Section 3730(c)(2)(A).  ECF No. 3.  Mr. Low moved for a hearing, ECF No. 4, and the court held a hearing on the United States' motion to intervene and dismiss in June 2024, *see* ECF No. 19.  Both parties thereafter submitted notices of supplemental authority. ECF Nos. 9, 10, 12.

In July 2024, the court granted the United States' motion and dismissed the case with prejudice as to Mr. Low and without prejudice as the United States.  ECF No. 13.  Mr. Low subsequently appealed to the U.S. Court of Appeals for the D.C. Circuit.  ECF No. 15.  In May 2025, while the appeal was pending, the United States filed an unopposed motion to remand the case, stating that it had "re-evaluated its discretionary decision to seek dismissal" and would "potentially seek[] relief from the judgment under Federal Rule of Civil Procedure 60" on remand.

Motion for Remand at 2, *U.S. ex rel. Low v. President & Fellows of Harvard Coll.*, No. 24-7116 (D.C. Cir. May 5, 2025). In July, the D.C. Circuit granted the United States' motion and remanded the case to this court for further proceedings. *See* ECF No. 20-1. In November, the United States filed a motion for relief from judgment pursuant to Rule 60(b)(6), requesting that the court amend its dismissal order to reflect that dismissal is without prejudice as to Mr. Low and with leave to amend. ECF No. 21, at 1. Mr. Low consented to the United States' request. ECF No. 22.

## II.   LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), the court may "relieve a party . . . from a final judgment" for one of six reasons: (1) "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)"; (3) "fraud . . . , misrepresentation, or misconduct by an opposing party"; (4) "the judgment is void"; (5) "the judgment has been satisfied, released, or discharged," or was based on similar grounds, or applying it would "no longer [be] equitable"; or (6) "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)-(6). "In considering a[ny] Rule 60(b) motion, the district court 'must strike a "delicate balance between the sanctity of final judgments . . . and the incessant command of a court's conscience that justice be done in light of *all* the facts."'" *People for the Ethical Treatment of Animals v. U.S. Dep't of Health & Hum. Servs.*, 901 F.3d 343, 354-55 (D.C. Cir. 2018) ("*PETA*") (second alteration in original) (quoting *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988)). Rule 60(b)(6) motions must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Rule 60(b)(6) "provides only grounds for relief not already covered by the preceding five [Rule 60(b)] paragraphs" and is "available only in narrow circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025). While a court retains discretion to grant a Rule 60(b)(6)

3

motion, *Jones v. U.S. Dep't of Just.*, 315 F. Supp. 3d 278, 279 (D.D.C. 2018), it should do so

"sparingly" and only under "extraordinary circumstances," *PETA*, 901 F.3d at 355 (first quoting

*Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980); then quoting

*Ackermann v. United States*, 340 U.S. 193, 199 (1950)).  The party seeking relief "bears the

threshold burden of proving that a 'significant change' in legal or factual circumstances 'warrants

revision of the [court's] decree.'"  *Salazar ex rel. Salazar v. District of Columbia*, 896 F.3d 489,

492 (D.C. Cir. 2018) (quoting *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 383 (1992)).

### III.    DISCUSSION

The United States does not argue that the court erred in granting its request to dismiss this

case with prejudice as to Mr. Low and without prejudice as to the government.  ECF No. 21, at 3.

Instead, the United States seeks relief from judgment based on the recent change in presidential

administrations and the "material change in the Executive Branch's policy and interpretation of

the law" relating to racial discrimination.  *Id.* at 4-5.  Specifically, the United States points to

Executive Order 14151, titled "Ending Radical and Wasteful Government DEI Programs And

Preferencing." *Id.*; *see* 90 Fed. Reg. 8339 (Jan. 20, 2025) (the "Executive Order").  This Executive

Order "repudiate[ed] prior Government policies that 'forced illegal and immoral discrimination

programs, going by the name 'diversity, equity, and inclusion' (DEI), into virtually all aspects of

the Federal Government." ECF No. 21, at 4-5 (quoting Executive Order § 1).  The United States

argues that the Executive Order constitutes "a change in the controlling law" warranting

Rule 60(b)(6) relief.  *Id.*

The court disagrees.  While the United States may view Mr. Low's suit differently today

than it did in 2024, that is not sufficient to satisfy the "strict standards of Rule 60(b)(6)."  *BLOM*

*Bank SAL*, 605 U.S. at 215.  A change in executive-branch policy is not the sort of "change in

controlling law" that Rule 60(b)(6)'s catch-all provision contemplates.  *Cf. Hurst v. Fed. Nat'l Mortg. Ass'n*, 642 F. App'x 533, 542-543 (6th Cir. 2016) (unpublished) (holding that a new discretionary policy adopted by the defendant, a federal agency, was not a "change in controlling law"); *see also Agostini v. Felton*, 521 U.S. 203, 239 (1997) ("Intervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6).").  The United States does not cite any authorities to support its proposition that an executive order can justify Rule 60(b)(6) relief, nor does it explain how the Executive Order applies to Mr. Low's *qui tam* suit.  Indeed, the Executive Order does not obviously affect the fraud allegations in Mr. Low's complaint at all.  The Executive Order directs agencies to, among other things, "terminate, to the maximum extent allowed by law . . . all 'equity action plans,' 'equity' actions, initiatives, or programs, [and] 'equity-related' grants or contracts."  Executive Order § 2(b)(i).  The court does not see how the termination of DEI-related grants bears on the question whether Harvard violated the False Claims Act by making fraudulent assurances of compliance with Title VI.[1]

The United States also argues that it has sought relief within a reasonable time and that amending the judgment would not prejudice any party.  ECF No. 21, at 5.  Nevertheless, the party seeking relief "bears the threshold burden of proving that a 'significant change' in legal or factual circumstances 'warrants revision of the [court's] decree.'"  *Salazar*, 896 F.3d at 492 (quoting *Rufo*, 502 U.S. at 383).  The United States has failed to meet its burden here.

---

[1] Mr. Low argues in his response to the United States' motion that relief is appropriate because the Executive Order "highlight[s] the importance of the statute on which this lawsuit is based"— 20 U.S.C. § 9514(f)(7).  *See* ECF No. 22, at 2.  But the Executive Order does not mention that statute, which sets out the duties of the Department of Education entity that issued Harvard's grant, *see* ECF No. 8, at 12, and, in any event, it does not constitute a change in controlling law.

### IV.    CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that the United States' Motion for Relief from Order Dismissing Case, ECF No. 21, is **DENIED**.

    **SO ORDERED.**

<br>

                  LOREN L. ALIKHAN
                  United States District Judge

Date:    January 14, 2026